Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| | | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
| **CASE NUMBER** | 00 C 1133 | **DATE** | 10/6/2000 |
| **CASE TITLE** | O'Brien vs. Encotech Construction Service | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Order. Defendant is prohibited from seeking or accepting further releases until the court has been given an opportunity to assess the fairness of the notice accompanying the releases.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | OCT 11 2000 date docketed | 16 |
| | Notices mailed by judge's staff. | | KB docketing deputy initials | |
| | Notified counsel by telephone. | ED-7 FILED FOR DOCKETING 00 OCT 10 PM 1:41 | date mailed notice | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RJ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 1 1 2000

| | | |
|---|---|---|
| ROBERT O'BRIEN, individually and on behalf of a class of employees similarly situated | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00 C 1133 |
| ENCOTECH CONSTRUCTIONS SERVICES, INC., and HOWARD FRANK, | ) | |
| Defendants. | ) | |

**ORDER**

This case under the Fair Labor Standards Act was filed on February 25, 2000. On May 16, plaintiff moved for class certification. A briefing schedule was set. On the date defendant's response to the motion was due, defendant moved for an extension of time to respond in order that the parties could attempt to settle the case. The case was referred to Magistrate Judge Nolan for a settlement conference.

On September 21, the magistrate judge sent the case back to the district court, indicating that settlement efforts had failed. On September 27, defendant, with no notice to plaintiff or the court, sent all employees potentially part of the putative class a letter with an attached Release and an unsigned check, informing the employee that if he or she signed the Release, the defendant would remit to the employee the amount of money specified in the unsigned check. Defendant's letter describes the pending lawsuit as follows: "It has come to our attention that there has been a claim that some employees have not been paid properly for travel to the day's first job site and from the day's last job site. We believe that Encotech has fairly and properly



16

compensated employees for all hours worked. Nevertheless, we want to be sure that all employees are satisfied with their experience at Encotech. We therefore have decided to offer you some additional compensation . . . ." The Release purports to relinquish "any right to sue or be any part of any suit for back wages under [a number of listed laws including the Fair Labor Standards Act and the Illinois Minimum Wage Law]. The Release states that if it is held invalid, the employee "will tender back to the Company the payment made in consideration for this Release."

Defendant has done more than simply attempt to settle with individual members of the potential plaintiff class. Defendant has sent out a notice describing the dispute to all of its current employees who might be part of the potential class. As far as this court is concerned, this is essentially class notice. The district court has the authority to intervene in the notice process in Fair Labor Standards Act cases to make sure that notice provided to potential class members is accurate and timely so that the process of joining parties to the action is fair, orderly and sensible. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Woods v. New York Life Insurance Co.*, 686 F.2d 578, 580 (7th Cir. 1982). Defendant's conduct, in unilaterally soliciting releases, with no notice to plaintiff's counsel or the court, seriously threatens the court's ability to handle this case in a fair and efficient manner. Defendant is seeking to have members of the putative class relinquish rights they don't know they have, the effect of which will be to plunge this court into collateral proceedings regarding the enforceability of these waivers. There is no justification for injecting chaos into what should be an orderly process. At the minimum, defense counsel should have provided plaintiff's counsel and the court with notice of the communication defendant sought to distribute concerning this action. *See Woods, supra* at 580.

Defendant is prohibited from seeking or accepting further releases until the court has been given an opportunity to assess the fairness of the notice accompanying the releases.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: October 6, 2000