UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT O'BRIEN, individually and on behalf of a class of employees, similarly situated, et al., | ) ) ) ) ) | **FILED** JUN – 6 2003 JM MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 00 C 1133 |
| ENCOTECH CONSTRUCTION SERVICES, INC., and HOWARD FRANK, | ) ) ) ) | Judge Gottschall Magistrate Judge Nolan |
| Defendants. | ) ) ) | **DOCKETED** JUN 0 9 2003 |

<u>NOTICE OF FILING</u>

To: Noah A. Finkel
Seyfarth Shaw
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603

PLEASE TAKE NOTICE that on June 6, 2003, 1 I filed the attached **Plaintiffs' Reply to Defendants' Memorandum of Law in Response to Plaintiffs' Motion for Partial Summary Judgment** and **Plaintiffs' LR 56.1(a)(3) Reply To Defendants' LR 56.1(b)(3) Statement Of Facts** with the Clerk of the Court at 219 South Dearborn, Chicago, Illinois, 20th floor, a copy of which is attached hereto.

By: _____
One of Plaintiffs' Attorneys

Jac A. Cotiguala
Luanne M. Galovich
JAC A. COTIGUALA & ASSOCIATES
431 South Dearborn Street, Suite 606
Chicago, IL 60605
(312) 939-2100

# CERTIFICATE OF SERVICE

To: Noah A. Finkel
Seyfarth Shaw
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603

I, Luanne M. Galovich, an attorney, hereby certify that a true and correct copy of the within and foregoing notice and pleading was served by placing in the U.S. mailbox located at 431 South Dearborn Street, Chicago, Illinois with proper postage prepaid on June 6, 2003, at or before 5:00 p.m., upon the above attorneys of record at the above listed addresses.

Luanne M. Galovich

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT O'BRIEN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 00 C 1133 |
| ENCOTECH CONSTRUCTION SERVICES, INC., a corporation, and HOWARD FRANK, | ) Judge Gottschall ) Magistrate Judge Nolan |
| Defendants. | ) |

DOCKETED JUN 0 9 2003

FILED JUN - 6 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

## PLAINTIFFS' REPLY TO DEFENDANTS' MEMO OF LAW IN RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendants state in their brief that "Encotech admits that it will be liable to Plaintiffs for certain, but not all activities described in Plaintiffs' motion." (Defendants' Response Memo. p. 1) but argue that partial summary judgment on the issue of liability is inappropriate because defendants may not be liable for each and every activity claimed by Plaintiffs. This argument is repeated in Section II of their Brief where defendants argue that summary judgment as to liability is inappropriate because it "does not take into account that several class members for at least some periods of time are not entitled to relief for various reasons." And that "questions of fact exist over the length of time Plaintiffs spent on activities for which they undisputedly should have been paid, but were not." (Defendants' Response Memo. p. 4). Plaintiffs agree with Defendants' assertion that the extent of liability is a material issue in dispute for which summary judgment is inappropriate. That, however, does not mean that Plaintiffs are not entitled to judgment



as to liability. Rather it means that a dollar value of the liability cannot be assessed in a summary judgment proceeding.

Defendants' arguments show that they are confused as to the role of a partial summary judgment on the issue of liability. When plaintiffs bring a motion for partial summary judgment on the issue of liability for statutory violations, they are seeking a ruling by the court that defendants have violated the statutes in question. The precise number of times defendants violated such statutes and the number of different ways that they have violated the statutes are not relevant to the inquiry. Such factors have a bearing only on the amount of damages recoverable and are not the subject of a summary judgment on the issue of liability. Nor is it required that each class member suffered as a result of each of defendants' violation during each and every pay period.

In short, it is sufficient that, in defendants' words, "Encotech admits that it will be liable to Plaintiffs for certain, ...activities described in Plaintiffs' motion." Further supporting this admission, the Rule 56 Statement of Facts is full of examples of statutory violations committed by defendants. (see. *e.g.* pars, 18-23, 27-29, 46-49, 54, 57, 60, 65, 103-104, 117-118, 128). With no doubt left that defendants are liable to plaintiffs as a mater of law at least some of the time, partial summary judgment on the issue of liability is appropriate.

### Defendants Must Pay For Each Hour Worked

Defendants continue to argue that they should be allowed to pay Plaintiffs an average hourly rate that equals or exceeds the minimum wage rate and that is acceptable in weeks for which 40 hours or less including unpaid hours is worked. There are several problems with that assertion which were pointed out in Plaintiffs' Response to

Defendants' motion for Partial Summary Judgment. The primary problem with Defendants' assertion is that all the Plaintiffs work under union contracts which require an hourly rate for every hour worked. Defendants wish to ignore the hourly rate for hours paid pursuant to those contracts to a lesser rate. Defendants contend this is acceptable so long as the rate averages above the minimum wage rate. This is Encotech's version of robbing Peter to pay Paul.

In *Mathis v. About Your Smile,* (2002 U.S. Dist. LEXIS 15572), The United States District Court For The Eastern District Of Pennsylvania pondered a similar argument. There, defendants claim that on payday, Plaintiff received wages in excess of the minimum wage "free and clear" through Defendants' payment of federal, state and local taxes and health insurance benefits on Plaintiff's behalf and were thus immune from FLSA liability for refusing to give plaintiff her paycheck. In rejecting that argument, the Court stated: "because Plaintiff received no pay on payday, Defendants were not in compliance with the FLSA. Therefore, because Defendants' arguments are unavailing, Defendants' motion for summary judgment will be denied and Plaintiff's motion for partial summary judgment will be granted as to her FLSA claim." *Id.*

Finally Defendants failed to address the contractual language currently in effect.[1]

### Defendants' Actions Were Indisputably Willful

Under the IMWA the statutes of limitation is 3 years back from the day the lawsuit is filed. Under the FLSA the normal statute of limitations is 2 years back and if willful 3 years back.

---

[1] It is now clear that Plaintiffs will be seeking relief for all Encotech employees who were paid the $5.00 to $10.00 per hour for recognized travel after the lawsuit was filed.

3

The fact that Defendants pick and choose some travel time to pay (that recognized over an hour one way) and now point out that they even paid for some travel time less than an hour for employees who drove bobcats or dump trucks is further proof that Defendants knew that it had to pay for travel time but attempted to bully Plaintiffs to forego payment in most instances. Furthermore Defendants do not contest the affidavits of industry leaders that non-payment of travel time is a violation of the union contracts and not the custom of the industry. Clearly Defendants' actions were willful and Plaintiffs are entitled to that finding as a matter of law.

**Plaintiffs Who Drove Directly Between Home and Work Are Also Entitled to Relief**

As a defense to liability, Defendants raise the fact that on some occasions Mark Crews and Richard Giertz took their Encotech vehicles home. The problem with this is there are no records of when it occurred and no proof that they did not go into the shop at the beginning of their workday when they did take their trucks home the night before. Defendants who are required to maintain records of hours worked under both the state and federal laws attempt to use that violation to avoid paying the plaintiffs. More importantly, Paragraphs 103, 104 and 106 of the Rule 56 Statement of Facts tell us that: "If an employee who drives their truck home at night drives in at the end of the day to pick up needed supplies to do work the next morning, they are also not paid for the drive time into the yard." "If an employee who drives their truck home at night drives to the yard at the end of the day to drop off their job tickets, they are not paid for that travel time. " And, "If an employee who drives their truck home at night comes to the yard the next morning to pick up a helper he is not compensated for the travel time from the yard to the first job site of the day."

## Plaintiffs Who Worked as Helpers Are Entitled to Relief

Most helpers at Encotech are picked up in the yard in the morning and dropped off at the yard at night (Rule 56 Statement, par. 105). They helped load up at the shop at the beginning of the day and unload at the shop at the end of the day. (See Rule 56 Statement, pars 55, 56, 62, 77.) Travel between jobs during a workday has always been compensable. 29 CFR § 785.38, Dole v. Enduro Plumbing, 30 WH Cases 196, 200 (C.D. Cal. 1990).

## Conclusion

Plaintiffs are entitled to entry of judgment in its favor and against defendants jointly and severally as to the unrecorded and unpaid work hours. That Defendants' actions were willful is beyond peradventure and therefore Plaintiffs are entitled to a finding that Defendants' violation of both the Illinois and Federal wage and hour laws was willful.

Respectfully submitted,

ROBERT O'BRIEN, et al.,

By: _____
One of Plaintiffs' Attorneys

Jac A. Cotiguala
Luanne M. Galovich
JAC A. COTIGUALA & ASSOC.
431 S. Dearborn, Suite 606
Chicago, Illinois 60605
Telephone: (312) 939-2100